IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| ROGER ADAMS,<br><br>    Plaintiff,<br>v.<br><br>SEARS ROEBUCK AND CO.,<br><br>    Defendant. | **MEMORANDUM DECISION AND ORDER**<br><br>GRANTING MOTION FOR SUMMARY JUDGMENT;<br><br>DENYING MOTION FOR PROTECTIVE ORDER AS MOOT;<br><br>DENYING PLAINTIFF'S ALTERNATIVE MOTION TO DEFER CONSIDERING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT and ALLOW TIME FOR PLAINTIFF TO ENGAGE IN DISCOVERY<br><br>Case No. 2:13-cv-55-BCW<br><br>Magistrate Judge Brooke Wells |

All parties have consented to having United States Magistrate Judge Brooke C. Wells conduct all proceedings in this case, including entry of final judgment, with appeal to the United States Court of Appeals for the Tenth Circuit.[1]  Before the Court are three motions: (1) Defendant Sears Roebuck and Co.'s ("Sears") Motion for Summary Judgment[2] (2) Sears' Motion for Protective Order[3] and (3) Plaintiff Roger Adams' ("Plantiff") Alternative Motion to Defer Considering Defendant's Motion for Summary Judgment and allow time for Plaintiff to Engage in Discovery.[4]  Oral argument on these Motions was held on July 18, 2013, at which time

---

[1] See 28 U.S.C. § 636(c); F.R.C.P. 73; docket no. 8.

[2] Docket no. 14.

[3] Docket no. 16.

[4] Docket no. 19.

attorney Alexander Evans appeared on behalf of Plaintiff and attorney Nathan Skeen appeared on behalf of Sears.[5]

Before the hearing, the Court carefully considered the memoranda and other materials submitted by the parties as well as relevant case law. Since taking the matter under advisement,[6] the Court has further considered counsels' arguments, relevant legal authority and the facts of this case.

For the reasons set forth below, the Court GRANTS Defendant's Motion for Summary Judgment. Therefore, Defendant's Motion for Protective Order is DENIED AS MOOT and Plaintiff's Alternative Motion to Defer Considering Defendant's Motion for Summary Judgment and allow time for Plaintiff to Engage in Discovery is DENIED.

## UNDISPUTED FACTS[7]

On September 25, 2012, Plaintiff purchased a pre-assembled table saw that weighed approximately 288 pounds from Sears at its Fashion Place location in Midvale, Utah. Because the saw was a floor model, it was not contained in a box. After purchasing the saw, Plaintiff drove his pick-up truck to the loading area at the exterior of the Sears building to pick up the saw. Once in the loading area, a Sears employee instructed Plaintiff to park his truck next to a hydraulic lift with the truck bed facing the lift.

---

[5] Docket no. 31.

[6] Id.

[7] Unless otherwise specified, all facts included in this section were taken from the Complaint, the briefs and exhibits filed in conjunction with the Defendant's Motion for Summary Judgment, Motion for Protective Order and the Plaintiff's Alternative Motion to Defer Consideration of the Defendant's Motion for Summary Judgment and allow time for Plaintiff to engage in Discovery. See docket nos. 2-1, 11, 14, 16, 17, 19, 20, 21, 22, 23, 24, 27, 28. Further, the Court is cognizant of Plaintiff's objections to the Declaration of Roy B. Simmons, docket no. 11. However, upon review, it appears that pursuant to 28 U.S.C. § 1746 and Utah Code Ann. 78B-5-705, Defendant has remedied any deficiency with its submission of an amended Declaration of Mr. Simmons. See docket no. 21. No new issues or facts were raised in the Amended Declaration. Therefore, the Court is satisfied that Mr. Simmons' Amended Declaration is sufficient. The Court therefore accepts and has considered the Amended Declaration. However, the Court cautions counsel to adhere to rules regarding declarations in the future.

The Sears employee then wheeled the saw on top of the lift, waited for Plaintiff to stand on the lift with the saw and then elevated the lift to roughly the same height as the bed of Plaintiff's truck. Plaintiff then stepped off the lift into the bed of the truck and began pulling the saw off the lift. Meanwhile, the Sears employee, standing on the ground, assisted Plaintiff move the saw off the lift into Plaintiff's truck. According to the surveillance video,[8] once the saw was completely in the bed of Plaintiff's truck, the Sears employee lowered the hydraulic lift to ground level and returned to the interior of the Sears store. The Sears employee did not take any steps to secure the saw in the back of the Plaintiff's truck, nor did he offer any such assistance.

Thereafter, while still standing in the bed of his truck, Plaintiff took a step from the driver's side towards the passenger side and lost his balance. Plaintiff then grabbed the saw in an attempt to steady himself. Plaintiff and the saw fell from the truck onto the ground, causing injury to Plaintiff.

Plaintiff has sued Sears alleging negligence.[9] Plaintiff's Complaint contains three causes of action: (1) Negligence; (2) Respondeat Superior; and (3) Interest on Special Damages.[10] Specifically, Plaintiff's Complaint alleges:

> Defendant and its employees and/or agents breached the duty that they owed to [Plaintiff] by failing to exercise reasonable care and were negligent in at least the following respects: (a) Defendant's employees and/or agents failed to lock the caster wheels on the saw; (b) Defendant's employees and/or agents failed to secure the saw to the bed of [Plaintiff's] pick-up truck; (c) Defendant's employees and/or agents otherwise failed to ensure that the saw would not roll out of the bed of [Plaintiff's] pick-up truck; (d) Defendant's employees and/or agents abandoned the task of securing the saw to the bed of Mr. Adam's pick-up truck before the task was complete; (e) Defendant's employees/agents failed to ensure that Mr. Adams exited the bed of his pick-up truck safely; (f) Defendant failed to properly train and supervise its employees and/or agents; (g) Defendant failed to establish adequate policies and procedures; (h) Defendant's employees and/or agents failed

---

[8] Amended Declaration of Roy Simmons, docket nos. 21.

[9] Id.

[10] Docket no. 2.

to abide by Defendant's policies and procedures; (i) Defendant and its employees and/or agents otherwise failed to meet the acceptable standard of care and failed to act in a manner that conduced to Roger Adam's safety.[11]

In response, Sears has filed the present Motion for Summary Judgment arguing that there is no issue of material fact because under Utah law Sears owed Plaintiff no duty to secure the saw after assisting Plaintiff in loading it in Plaintiff's truck. Further, Sears argues that any policies and procedures the company may have with regard to loading or securing items in customers' vehicles does not create a duty to secure under Utah law as Plaintiff alleges. Sears has also moved for a Protective Order which would prevent Sears from having to engage in discovery. In turn, Plaintiff has filed an Alternative Motion pursuant to Rule 56(d) of the Rules of Federal Civil Procedure.

## ANALYSIS

### A. MOTION FOR SUMMARY JUDGMENT

#### STANDARD OF REVIEW

Summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[12] A genuine issue of material fact exists when, after viewing the record and making all reasonable inferences in a light most favorable to the non-moving party, a reasonable jury could return a verdict for the non-moving party.[13]

Moreover, the opposing party's response must set forth specific facts demonstrating a genuine issue for trial, and it "must do more than simply show that there is some metaphysical

---

[11] Complaint at ¶ 17.

[12] Fed.R.Civ.P. 56(a).

[13] Anderson v. Liberty Lobby, 477 U.S. 242, 248 (1986); see also Scott v. Harris, 550 U.S. 372, 380 (2007)(internal citations and quotations omitted)("Where the record taken

4

doubt as to the material facts."[14]  Thus, "[s]ummary judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed, 'to secure the just, speedy, and inexpensive determination of every action.'"[15]

1. **Negligence**

Sears contends that it is entitled to summary judgment because Sears had no duty to secure the saw in Plaintiff's truck.  In addition, Sears argues that summary judgment is appropriate because Plaintiff's injuries were proximately caused by Plaintiff's own actions, and not by any act or omission of Sears.  Under Utah law,

> [t]o prove a claim of negligence, a plaintiff must prove '(1) that the defendant owed the plaintiff a duty, a (2) that the defendant breached that duty, (3) that the breach of duty was the proximate cause of the plaintiff's injury, and (4) that the plaintiff in fact suffered damages or injuries.'[16]

Thus, before the proximate cause question is reached, Plaintiff must first show that Sears owed a duty to Plaintiff.   In the instant case, after consideration of the briefs and arguments contained therein, the Court finds the issue as to whether Sears owed a duty to Plaintiff to be dispositive and therefore the Court will not reach the arguments relating to proximate cause.

a. **Duty**

Plaintiff alleges that Sears had a duty to secure the saw Plaintiff purchased from Sears in the back of his pickup truck. "The issue of whether a duty exists is entirely a question of law to be determined by the court."[17]  As to whether Sears owed Plaintiff a duty to secure the saw, the Court has not found, and the parties have not presented the Court with any controlling Utah law

---

[14] Matushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 474 U.S. 574. 586 (1986).

[15] Celotex Corp. v. Catrett, 477 U.S. 317, 327 (1986)(quoting Fed. R. Civ. P. 1).

[16] Ottens v. McNeil, 2010 UT App 237, ¶ 23, 239 P.3d 308, 317 (citing Webb v. University of Utah, 2005 UT 80, ¶ 9, 125 P.3d 906).

[17] Ottens  at ¶ 23.

directly on point. "We are, therefore, faced with a situation where we must attempt to construe the law of the state of [Utah] in the manner in which the Supreme Court of [Utah] would, if faced with the same facts and issue."[18] "In so doing, we may look to all resources, including decisions of other states, as well as [Utah] and federal decisions, and to the general weight and trend of authority."[19]

The Utah case that is most on point and cited and discussed by the parties is Ottens v. McNeil[20] where the Utah Court of Appeals held "one who undertakes to secure a load on a vehicle has a duty to not do so negligently."[21] In Ottens, Plaintiff was injured when her car was rear-ended after she stopped suddenly on Interstate 15 to avoid hitting a kitchen chair that had fallen out of Defendant's pickup truck.[22] Defendant who was in the process of moving across town on the day of the accident, participated in the loading and securing of the items in his pickup truck. Specifically, "when the trucks were 'full,' Defendant and his son "secured the load by 'throwing ropes back and forth,' weaving the ropes in an out of the furniture, and 'hooking [the ropes] in the eye hooks' on the truck[]."[23] At the trial court level, the court directed a verdict in favor of Defendant. The Court held "that there was 'no credible evidence upon which a jury could conclude that [Defendant] … breached a duty owed to [Plaintiff] to secure the load in the truck."[24]

---

[18] City of Aurora, Colorado v. Bechtel Corp., 599 F.2d 382, 386 (10th Cir. 1979)(internal citations omitted).

[19] Id. (internal citations omitted)("Of course, the views of the federal district judge in a diversity case, who is a resident of the state where the controversy arose, interpretive of a state's laws carry extraordinary force on appeal where there are no controlling state decisions providing clear precedent.").

[20] 2010 UT App 237, 239 P.3d 308.

[21] Id. at ¶ 27.

[22] Id. at ¶ 2.

[23] Id. at ¶ 5.

[24] Id. at ¶ 18.

Upon appeal, relying on its own jurisprudence in <u>Magana v. Dave Roth Construction,</u>[25] which held that "an 'employer may be liable for its own direct negligence' where the employer participates in negligently loading materials, thereby 'directly act[ing] in such a way that causes injury."[26] Thus, <u>Ottens</u> stands for the proposition that one who undertakes the act of completing a task has a duty not to do so negligently.

Here, unlike <u>Ottens</u>, where the Court found enough evidence had been presented that Defendant had helped secure the load, the Court concludes there has been no evidence presented from which a jury could find that the Sears employee participated in securing the saw. In fact, the surveillance video makes clear that the employee simply assisted in loading the saw into the Plaintiff's truck and then did no more. He did not attempt to help secure nor has evidence been presented that Plaintiff either asked for discussed such assistance with the Sears employee.

Further, upon examination of <u>Magana v. Roth Construction,</u>[27] the Court is satisfied that Sears did not negligently load the saw under Utah law. In <u>Magana,</u> the "loading" that was at issue took place at a construction site and involved the rigging of bundles of wooden trusses with straps to be lifted by a crane out of the back of a truck.[28] The Court held that because the Defendant participated in the rigging of the bundles, he had a duty to secure these straps in a non-negligent manner. Thus, the situation in <u>Magana</u> presents a different factual situation than in the present case. The Court therefore agrees with the Sears, that the loading and securing of the saw were separate tasks. Therefore, under the reasoning of <u>Ottens</u>, Sears was not negligent because Sears did not undertake the task of securing the saw. Furthermore, Plaintiff has not

---

[25] 2009 UT 45, 215 P.3d 143.

[26] <u>Ottens</u>, at ¶ 28.

[27] 2009 UT 45.

[28] <u>Id</u>. at ¶ 38.

presented any evidence that Sears negligently loaded the saw in Plaintiff's vehicle. Even though Plaintiff argues that Sears was negligent by not locking the caster wheels on the saw after it was loaded in the Plaintiff's vehicle, the Court finds this act alone does not establish that Sears negligently loaded the saw. Specifically, there was no evidence presented, nor does the surveillance video show that the saw was rolling around in the back of the truck after the Sears employee lowered the lift and returned to the store. What the video does show is that the Sears employee assisted Plaintiff in lifting the saw completely inside of Plaintiff's truck bed rather than leaving it on the more unstable open tailgate. Importantly too, it is unlikely that the locking of the wheels would have prevented Plaintiff's injury in this case. It was the force of the Plaintiff's grabbing of the saw in an attempt to steady himself, rather than the wheels not being locked that caused the saw to fall from the truck onto Plaintiff.

Case law from other jurisdictions also supports the finding that Sears did not owe a duty to Plaintiff. In <u>Ganno v. Lanoga Corporation</u>,[29] a case discussed by the Utah Court of Appeals in <u>Ottens</u>,[30] the Washington Court of Appeals held that a lumberyard owed no duty to plaintiff to secure a beam it had loaded into plaintiff's truck because it was the plaintiff's duty, not the lumberyard's "to make sure the plaintiff's load was secure before driving onto the public highways."[31] In <u>Ganno</u>, an employee of the lumberyard using a forklift loaded a 12-foot, 100 pound wooden beam into plaintiff's pickup truck.[32] Like the instant case, the lumberyard employee and plaintiff did not discuss securing the beam and "the employee did not tie down or otherwise secure the beam before authorizing plaintiff to leave the load area."[33] However, there

---

[29] 80 P.3d 180 (Wash. Ct. App. 2004).

[30] <u>Ottens</u>, at ¶ 10.

[31] 80 P.3d at 181.

[32] <u>Id</u>.

[33] <u>Id</u>.

8

was sign in the lumberyard that Plaintiff had to drive by, although Plaintiff argued the sign was obscured and too small to read, that stated that it was not the lumberyard's policy to secure customers' loads.[34] Plaintiff did not make any attempts secure the beam nor did the plaintiff use the twine that was provided by the lumberyard for customers to use.[35]

Plaintiff then drove away from the lumberyard with the beam protruding from his truck. As the plaintiff turned a corner, the beam fell out off the truck onto the public street.[36] While Plaintiff was attempting to retrieve the beam, another motorist struck the beam and the beam then hit plaintiff's leg and shattered his kneecap."[37] The Court found that lumberyard did not owe a duty under Washington statutes, premises liability, nor the voluntary rescue doctrine. Therefore, "because [plaintiff] failed to establish any basis for the alleged duty, the trial court properly granted summary judgment in favor of the defendant."[38] Although the Utah Court of Appeals mentioned in its opinion and the facts of the Ganno opinion demonstate that the lumberyard had a sign that stated it was not the lumberyard's policy to secure the load, the Court finds this fact not to be dispositive in the instant case. Although Sears did not have a sign that stated it did not secure customer's loads, like Ganno, the Sears employee did not undertake the task of securing the saw nor did Plaintiff and the employee discuss securing the saw. Therefore, Sears owed no duty to plaintiff because it did not attempt to secure the saw.[39]

Similarly, in McClure v. Sunshine Furniture, the Oklahoma Court of Civil Appeals held that a furniture store owed a duty to persons on the roadway, such as Plaintiff, when its

---

[34] Id. at 182.

[35] Id.

[36] Id.

[37] Id.

[38] Id.

[39] The Court believes this to be in line with the reasoning of the Utah Court of Appeals in Ottens where the Court stated "the Ganno Court held that a nondriver, a lumberyard owed no duty to the plaintiff because it did not undertake to secure the load…" Ottens at ¶ 10.

9

employees unloaded, reloaded, and arranged boxes of furniture in the bed of a pick-up truck and secured the same with twine or rope as a binding.[40] In McClure, plaintiff purchased a box of folding chairs from Sam's that was loaded into and fit within the confines of the bed of Plaintiff's pickup truck.[41] Plaintiff then went to defendant furniture store and purchased some bookcases. The furniture store's employees then unloaded the previously purchased box of folding chairs from customer's pick-up truck, reloaded the truck with the bookcases and placed the folding chairs on top of the bookcases. The employees then secured the load with rope or thick twine.[42] The customer did not participate in the loading or securing of the load but checked and was satisfied with the load before driving off the premises.[43] While driving, the box of folding chairs fell off the truck and another motorist hit the box and was struck from behind by another vehicle.[44]

Here, unlike McClure, the Plaintiff did participate in the loading of the saw and Sears did not undertake the task of securing the same. The Court finds these acts to support a finding that summary judgment is appropriate. Furthermore, as stated previously, there have been no evidence presented that Sears was negligent in the loading of Plaintiff's truck. In addition, it was not foreseeable that the injury in this case would have resulted by Sears' act of assisting Plaintiff lift the saw into his truck because unlike the accidents in Ottens, Ganno, and McClure, Plaintiff's injuries did not occur as a result of the saw falling from the truck due to it being improperly secured for travel on public roadways. Rather, the saw fell out of Plaintiff's truck

---

[40] McClure v. Sunshine Furniture, 282 P.3d 323 (Okla. Civ. App 2012).

[41] Id. at ¶ 3.

[42] Id.

[43] Id. at ¶ 5.

[44] Id. at ¶ 6.

before he had departed from the loading area of the Sears store and only after Plaintiff grabbed the saw to steady himself upon stumbling.

Next, as to Plaintiff's arguments that Sears' policies and procedures may create a duty to Plaintiff, the Court is not persuaded that any policy or procedure Sears may have in relation to loading and securing purchases in customer's vehicles would create a legal duty under the facts of this case.  Moreover, Plaintiff has not presented the Court with any contrary legal authority.  On the other hand, the Court finds the cases cited by Sears that suggest "other jurisdictions that have faced similar arguments have found that retailers do not owe any legal duty to help their customers transport and load merchandise to their vehicles, even if it is their custom or policy to do so"[45] to be persuasive.[46]  Moreover, to hold otherwise would as Sears suggests "discourage companies to the point that they would never adopt policies or procedures benefiting their customers if the policies."[47]

Although the Court finds the facts of this case to be certainly unfortunate, the Court holds as a matter of law that under existing Utah law and the facts of this case, Sears did owe Plaintiff an affirmative duty secure his purchase after assisting him in loading it in his vehicle.  Therefore, the Court GRANTS Sears' Motion for Summary Judgment.

### B. MOTION FOR PROTECTIVE ORDER

Pursuant to Federal Rule of Civil Procedure 26(c)(1), Defendant requests a Protective Order staying all discovery in this case, including Defendant's obligation to respond to Plaintiff's

---

[45] Docket no. 24 at p. 3.

[46] See Kroger Co. v. Smith, 218 S.W.3d 359 (Ark.Ct.App. 2005); Riddle v. Lowe's Home Ctrs, Inc., 802 F.Supp.2d 900 (M.D. Tenn. 2001).

[47] Docket no. 24 at p. 6.


Rule 30(b)(6) Notice to Appoint and Designate Representative for Deposition, and Plaintiff's First Set of Requests for Production of Documents.[48]

Under Rule 26(c)(1), "[a] party… from whom discovery is sought may move for a protective order" and "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense."[49] Because the Court grants summary judgment in favor of Sears, the Court finds that good cause does not exist to issue a Protective Order protecting Defendant from discovery because discovery is unnecessary. The Court therefore, **DENIES AS MOOT** Defendant's Motion for Protective Order.

C. **MOTION TO DEFER RULING ON SUMMARY JUDGMENT AND ALLOW DISCOVERY**[50]

Under Rule 56(d) of the Federal Rules of Civil Procedure, when a party opposing summary judgment "shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition" the court may "(1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order."[51] The party seeking such a stay must identify the unavailable facts needed to oppose a summary judgment motion and the steps the party has taken to obtain those facts.[52] The party must also "state with specificity how the additional material will rebut the summary judgment motion."[53]

A stay and/or additional discovery is not warranted in this case. The information Plaintiff identify in support of his Motion will not defeat summary judgment being granted in favor of the

---

[48] Docket no. 16.

[49] F.R.C.P. 26(c)(1).

[50] Docket no.

[51] Trask v. Franco, 446 F.3d 1036, 1042 (10th Cir. 2006).

[52] F.R.C.P. 56(d).

[53] Ezra v. Am. Online, Inc., 206 F.3d 980, 987 (10th Cir. 2000).

Defendant. The discovery requested by Plaintiff will not create a duty where none exists under Utah law. Therefore, additional discovery is not necessary. The Court therefore **DENIES** Plaintiff's Motion to Defer Considering Defendant's Motion for Summary Judgment to Allow Time for Plaintiff to Engage in Discovery.

## CONCLUSION & ORDER

For the foregoing reasons, the Court HEREBY ORDERS that:

(1) Defendant Sears Roebuck and Co.'s Motion for Summary Judgment[54] is GRANTED;

(2) Defendant's Motion for Protective Order[55] is DENIED AS MOOT; and

(3) Plaintiff's Alternative Motion to Defer Considering Defendant's Motion for Summary Judgment and allow time for Plaintiff to Engage in Discovery is DENIED.[56]

(4) The Clerk of Court is directed to close this case.

SO OREDERED this 18 February 2014.

*Brooke C. Wells*
Brooke C. Wells
United States Magistrate Judge

---

[54] Docket no. 14.

[55] Docket no. 16.

[56] Docket no. 19.